1
2
3
4
5
6
7
8

UNITED STATES DISTRICT COURT

9

FOR THE EASTERN DISTRICT OF CALIFORNIA

10
11

LAWRENCE E. GEORGE,                           No.  2:19-cv-2415 KJM DB PS

12

Plaintiff,

13

v.                                                       FINDINGS AND RECOMMENDATIONS

14

OCEAN TRANS LLC, et al.,

15

Defendants.

16
17

      Plaintiff Lawrence George, proceeding pro se, commenced this action on December 2,

18

2019, by filing a complaint and paying the required filing fee.  (ECF No. 1.)  That same day

19

plaintiff was served with a letter that advised plaintiff that Rule 4(m) of the Federal Rules of Civil

20

Procedure provides that a defendant must be dismissed if service of the summons and complaint

21

is not accomplished on the defendant within 90 days after the complaint was filed.  (ECF No. 3.)

22

      More than 90 days passed, and the docket failed to reflect proof of service on, or the

23

appearance of, any defendant.  Accordingly, on April 6, 2020, the undersigned issued an order to

24

show cause as to why this action should not be dismissed for lack of prosecution.  (ECF No. 4.)

25

Plaintiff was ordered to show cause in writing within twenty-eight days.  The twenty-eight-day

26

period has expired, and plaintiff has not responded in any manner.

27

////

28

////

1

**ANALYSIS**

The factors to be weighed in determining whether to dismiss a case for lack of prosecution are as follows: (1) the public interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendant; (4) the public policy favoring disposition on the merits; and (5) the availability of less drastic sanctions. <u>Hernandez v. City of El Monte</u>, 138 F.3d 393, 398 (9th Cir. 1998); <u>Ferdik v. Bonzelet</u>, 963 F.2d 1258, 1260 (9th Cir. 1992); <u>Carey v. King</u>, 856 F.2d 1439, 1440 (9th Cir. 1988). Dismissal is a harsh penalty that should be imposed only in extreme circumstances. <u>Hernandez</u>, 138 F.3d at 398; <u>Ferdik</u>, 963 F.2d at 1260.

Failure of a party to comply with the any order of the court "may be grounds for imposition by the Court of any and all sanctions authorized by statute or Rule or within the inherent power of the Court." Local Rule 110. Any individual representing himself or herself without an attorney is nonetheless bound by the Federal Rules of Civil Procedure, the Local Rules, and all applicable law. Local Rule 183(a). A party's failure to comply with applicable rules and law may be grounds for dismissal or any other sanction appropriate under the Local Rules. <u>Id.</u>

Here, plaintiff failed to comply with multiple orders of this court. Plaintiff was given multiple opportunities to demonstrate an intent to prosecute this action and has failed to do so. In this regard, plaintiff's lack of prosecution of this case renders the imposition of monetary sanctions futile. Moreover, the public interest in expeditious resolution of litigation, the court's need to manage its docket, and the risk of prejudice to the defendant all support the imposition of the sanction of dismissal. Only the public policy favoring disposition on the merits counsels against dismissal. However, plaintiff's failure to prosecute the action in any way makes disposition on the merits an impossibility. The undersigned will therefore recommend that this action be dismissed due to plaintiff's failure to prosecute as well as plaintiff's failure to comply with the Court's orders. <u>See</u> Fed. R. Civ. P. 41(b).

////

////

Accordingly, IT IS HEREBY RECOMMENDED that:

1. Plaintiff's December 2, 2019 complaint (ECF No. 1) be dismissed without prejudice; and

2. This action be closed.

These findings and recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within thirty (30) days after being served with these findings and recommendations, plaintiff may file written objections with the court. A document containing objections should be titled "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may, under certain circumstances, waive the right to appeal the District Court's order. See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: October 12, 2020

_____

DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB:6
DB/orders/orders.pro se/george2415.dlop.f&rs

3